UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID BRIAN DEAN,<br><br>            Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>            Defendant. | No. CV-08-3042-CI<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION FOR SUMMARY JUDGMENT<br>AND DENYING DEFENDANT'S<br>MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 13, 15.) Attorney David L. Lybbert represents Plaintiff; Special Assistant United States Attorney Jamalya L. Edwards represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 7.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment, and remands the matter to the Commissioner for additional proceedings pursuant to sentence four 42 U.S.C. § 405(g).

## JURISDICTION

On April 4, 2006, David Brian Dean (Plaintiff) applied for Disability Insurance Benefits (DIB) and Social Security Income (SSI) benefits. (Tr. 123.) Plaintiff alleged disability due to terminal

bone cancer, degenerative spine disorder and rheumatoid arthritis, with an onset date of January 1, 2003. (Tr. 126-27.) Benefits were denied initially and on reconsideration. Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ Hayward Reed on August 9, 2007. (Tr. 24-56.) Plaintiff, who was not represented by counsel, appeared telephonically and testified. (Tr. 26-50.) Vocational expert Joseph A. Moison (VE) also testified. (Tr. 50-55.) The ALJ denied benefits on August 21, 2007, and the Appeals Council denied review. (Tr. 2-4, 11-23.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF THE CASE**

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here. Plaintiff was 54 years old at the time of the hearing. He appeared telephonically and waived his right to representation by an attorney on the record. (Tr. 28.) He testified he was homeless, and lived in his truck most of the time. (Tr. 32.) He stated he was divorced and had one year of community college. He had worked as a cabinet maker and woodworker for the last 20 years. (Tr. 32-35.) He testified he quit working in December 2005 because he could no longer physically do the job. (Tr. 35.) He reported he was severely limited in his ability to lift, walk, sit, stand, stoop, crawl and reach due to joint pain and parathyroidism. (Tr. 42-45.)

**ADMINISTRATIVE DECISION**

ALJ Reed found Plaintiff met insured status requirements for DIB benefits through December 31, 2005. (Tr. 13.) At step one, he

found Plaintiff had not engaged in substantial gainful activity since March 1, 2006, the onset date established by the ALJ. (*Id.*) At step two, he found that prior to March 1, 2006, Plaintiff had the impairment of back pain, but it was not severe alone or in combination with other impairments. (Tr. 14.) ALJ Reed determined that Plaintiff's statements regarding limiting effects of his symptoms were not entirely credible prior to March 1, 2006, noting that there were no medical records from any health care providers prior to that date. (Tr. 16.)  He found beginning March 1, 2006, Plaintiff had the severe impairments of degenerative disc disease of the spine and thyroid disorders.  (Tr. 17.)   At step three, he found these severe impairments, alone or in combination, did not meet or medically equal an administratively recognized level impairment listed in Appendix 1, Subpart P, Regulations No. 4 (Listings).  (Tr. 19.)

The ALJ found at step four that Plaintiff had the residual functional capacity to perform the full range of sedentary work, but was unable to perform his past relevant work.  (Tr. 20-21.) Proceeding to step five, the ALJ applied the Medical Vocational Guidelines and concluded Plaintiff was disabled as of March 1, 2006, through the date of the decision, but was not disabled prior to his date of last insured for DIB purposes.  (Tr. 22-23.)

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000).  The decision of the Commissioner may be reversed only if it is not supported

by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner*, 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

## SEQUENTIAL PROCESS

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.
>
> In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff argues the ALJ erred when he found Plaintiff was not disabled prior to March 1, 2006. Specifically, he argues (1) the ALJ was required to consult a medical expert to establish the onset of disability date, and (2) substantial evidence does not support the ALJ's finding that prior to March 1, 2006, Plaintiff's subjective symptom complaints were not credible, but after this date, they were. (Ct. Rec. 14 at 12-16.)

## DISCUSSION

**A.   Duty to Develop the Record**

In Social Security proceedings, the burden of proof is on the claimant to prove the existence of a severe physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice.  20 C.F.R. §§ 404.1508, 416.908. As a threshold to establishing an impairment, it is the claimant's responsibility to produce sufficient objective medical evidence of underlying impairment to show that the impairment, or a combination of impairments, "could reasonably be expected to produce pain or other symptoms."  *Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir. 1986)(*overruled on other grounds*).  Once medical evidence is provided by the claimant, the Regulations state the agency "will develop your complete medical history for at least the 12 months preceding the month in which you file your application unless there is a reason to believe that development of an earlier period is necessary."  20 C.F.R. §§ 404.1512 (d), 416.912 (d).

An ALJ's duty to develop the record further is triggered when "there is ambiguous evidence or when the record is inadequate for proper evaluation of evidence."  *Mayes v. Massanari*, 276 F.3d 453, 4509-60 (9th Cir 2001) (*citing Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001)).  Where a claimant is not represented by counsel, that duty is heightened; an ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts" and be "especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited."  *Vidal v. Harris*, 637 F.2d 710, 711 (9th Cir. 1981)(*citing Cox v. Califano*, 587

F.2d 988, 991 (9th Cir. 1978)). Remand to allow representation is warranted if the lack of representation at the administrative hearing resulted in prejudice or unfairness in the proceedings. *See Hall v. Secretary of Health, Ed. and Welfare*, 602 F.2d 1372, 1378 (9th Cir. 1979).

Here, after the ALJ informed Plaintiff of his right to representation in these proceedings, Plaintiff waived his right to seek legal representation. (Tr. 27-28.) However, this did not relieve the ALJ of his duty to explore all relevant facts or develop the record where additional evidence is needed to support findings. The transcript of the hearing shows that while the ALJ was informing Plaintiff of his right to representation, Plaintiff clearly stated he did not understand the significance of Title II claims and was confused about the evidence requirements. (Tr. 36.) The ALJ neither encouraged Plaintiff to seek representation nor did he allow Plaintiff additional time to seek evidence of onset from his former physician or his treating physician, Dr. Huebner.[1] Further, there was no legal counsel to assist Plaintiff in requesting a continuance for medical expert testimony to explain the progressive nature of Plaintiff's impairments. Because Plaintiff did not understand the implications of proving disability prior to his last date of

---

[1] During the hearing, Plaintiff referenced a 1996 diagnosis from Dr. Eblin (Tr. 36, 38, 48.) It does not appear that either the ALJ or Plaintiff attempted to contact Dr. Eblin or obtain medical records after the hearing for review by the ALJ or the Appeals Council. On remand, Plaintiff may submit records relevant to the period prior to his last date of insured.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

insured, and the ALJ did not meet his heightened duty to further develop the record, Plaintiff was prejudiced by his lack of representation.  Remand is warranted not only to allow Plaintiff an opportunity to seek assistance in presenting his Title II (DIB) claim, but also, as discussed below, to allow further development of the record and obtain medical expert testimony to establish onset of disability.  *Cox*, 587 F.2d at 991.

**B.   Onset Date in Disabilities of Non-traumatic Origin**

The onset date represents the date upon which Plaintiff is disabled and, therefore, eligible for benefits.  The establishment of the onset date is especially critical in Title II (DIB) cases, because it may affect whether Plaintiff is eligible for past earned benefits, and if so, the amount he can be paid.  *See Social Security Ruling* (*SSR*) 83-20.  Where disability is caused by a distinct trauma, and medical documentation is available to establish the date of trauma and severity of impairment, the Commissioner may base a finding of onset on evidence from acceptable medical sources.  *Id*.  However, in progressive diseases, such as degenerative disk disease, the date of onset is frequently unclear, and inferences must be made to establish this critical finding.  *Id*.

In establishing an onset date for a non-traumatic disability such as Plaintiff's progressive spine disease and hyperparathyroidism,[2] the Commissioner considers (1) the allegations

---

[2] The medical evidence indicates Plaintiff's hyper-parathyroidism and resulting over-production of calcium aggravated the spine degeneration, and medical sources were uncertain which condition was causing Plaintiff's joint pain and other symptoms.  It

of the claimant; (2) the medical evidence; (3) the claimant's work history; and (4) other evidence concerning the severity of the impairments. *Morgan v. Sullivan*, 945 F.2d 1079, 1082 (9th Cir. 1991) (*citing SSR* 83-20). Where a condition is progressive, and medical evidence does not establish a precise date of onset, "informed inferences" must be made by a qualified medical expert. *Id.* at 1083. Without a legitimate medical basis on which to base an onset of disability date, failure to call a medical expert to assist in inferring the onset date is reversible error. *Armstrong v. Commissioner of the Social Sec. Admin.*, 160 F.3d 587, 589 (9th Cir. 1998).

Here the ALJ found Plaintiff was disabled by symptoms from his severe muscloskeletal disorder and hyperparathyroidism, with an onset date of March 1, 2006. (Tr. 17.) He based the onset date on submitted medical records dated from March 2006 through May 2007, (Tr. 189-426), and Plaintiff's testimony that he was self-employed through 2005. (Tr. 13, 17.) In support of the March 1, 2006, onset date, the ALJ reasoned that (1) there were no medical opinions from any acceptable medical sources prior to March 1, 2006, and (2) Plaintiff "gave no explanation as to why he had not sought medical treatment for his alleged symptoms prior to March 2006." (Tr. 17.) These findings are neither legally sufficient to establish onset nor supported by substantial evidence.

---

appears the two conditions in combination increased significantly the severity of physical impairments and, at times, caused mental problems including depression. (Tr. 263, 291, 315, 387, 414-15, 421, 424-36.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

While it is true that Plaintiff has the burden to prove disability, which he did, the adjudicator's inferences regarding onset date must be supported by legitimate medical evidence. *SSR 83-20*. The ALJ had a duty, at a minimum, to re-contact Dr. Huebner and obtain medical expert testimony in these proceedings where there was substantial evidence of a serious progressive disease in combination with other impairments, and Plaintiff was unrepresented and had articulated his confusion regarding the evidentiary requirements for Title II claims at the hearing.

Further, the Commissioner has stated in his policy ruling that an adjudicator must not draw inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering claimant's explanation for his failure to seek treatment. *SSR* 96-7p. Indeed, the SSR regulations direct the ALJ to question a claimant at the administrative hearing to determine whether there are good reasons for not pursuing medical treatment in a consistent manner. *Id*. Such reasons may include that the claimant is living with symptoms; financial concerns prevent the claimant from seeking treatment; the claimant has been told that there is no further, effective treatment that would be of benefit; and the claimant structures his daily activities so as to minimize symptoms to a tolerable level or eliminate them entirely. *Id*. Disability benefits may not be denied because of a claimant's inability to obtain treatment due to lack of funds or insurance. *Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1995). Nor can a failure to seek treatment be a primary basis for an adverse credibility finding. *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

Here, Plaintiff testified that prior to receiving State benefits in March 2006, he did not have the financial resources to get medical attention, that he was homeless, unemployed and took only aspirin for pain relief. (Tr. 37, 195, 353.) These are legitimate explanations for his failure to seek medical treatment, and they are supported by the record. For example, the agency reports indicate Plaintiff attempted to work less, with different duties, but was not working at substantial gainful activity levels after 2003.[3] (Tr. 116, 123, 127.) Plaintiff consistently reported he was homeless or living with friends or relatives since being unemployed. (Tr. 32, 135, 268, 303.)

The ALJ's finding that prior to March 1, 2006, Plaintiff's statements were not credible, but after this date, his symptom complaints were reliable, is not supported by "clear and convincing" reasons. (Tr. 17.) Where credibility is an issue, the ALJ must make findings sufficiently specific to permit the court to conclude the ALJ did not arbitrarily discredit claimant's allegations. *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002); *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc). As discussed above, Plaintiff's failure to seek medical attention prior

---

[3] The record also shows Plaintiff had a significant work history that would entitle him to DIB payments if he were found disabled prior to December 2005. (Tr. 116-20.) The ALJ did not contact prior employers or medical sources identified in the record to ascertain what impact Plaintiff's impairments have had on his ability to work, and for how long his symptoms have been at the severity noted in March 2006.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

to receiving benefits is not sufficient to reject totally Plaintiff's subjective complaints relating to his condition prior to his date of last insured.

Plaintiff argues because of the severity of his disability as of March 2006, the ALJ should have been able to find him disabled prior to November 2005; he also suggests that this court should infer an onset date prior to the expiration of his insured status. (Ct. Rec. 14 at 14-16.)  However, when precise evidence is not available, and inferences must be made to establish an onset date, the record must be developed further, and medical expert testimony should be obtained. *SSR* 83-20.  Although the evidence is conclusive regarding the severity of Plaintiff's condition by the date of the ALJ's decision, there is no definitive evidence to guide the ALJ in establishing onset - either before or after the date of last insured.  It is noted on independent review that Dr. Grimes, an internal medicine specialist, found Plaintiff not disabled as of July 2006.  (Tr. 289-91.)  In April and May 2006, Plaintiff was diagnosed with high levels of calcium production and a parathyroid adenoma, which was surgically removed in July 2006.  (Tr. 315-17, 319-20, 394.)  Dr. Hillard, neurology specialist from the University of Washington, examined Plaintiff in November 2006, and found he had good strength in his upper and lower extremities and normal gait, in spite of noted compression of the spinal cord.  (Tr. 379-80.)  In January 2007, treating family physician Jeff Huebner, M.D., opined that Plaintiff was disabled from the effects of surgery (in July 2006) to resolve his hyperparathyroidism in combination with his severe degenerative disc disease, arthritis, and depression.  (Tr. 419.)  Thus, there is conflicting, ambiguous medical evidence as to

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

the onset of Plaintiff's disability.

Remand for medical expert testimony and additional findings is necessary. The medical evidence is complex, and the impact of Plaintiff's hyperparathyroidism on his musculoskeletal impairments needs to be evaluated fully by a qualified medical expert, who has the advantage of reviewing the record in its entirety. *See Morgan*, 945 F.2d at 1082-83; *SSR* 83-20. On remand, Plaintiff may obtain legal counsel and may submit additional medical records relating to his condition prior to the date of last insured. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is **GRANTED** and the matter is remanded to the Commissioner for additional proceedings consistent with the decision above and pursuant to sentence four of 42 U.S.C. § 405(g);

2. Defendant's Motion for Summary Judgment **(Ct. Rec. 15)** is **DENIED;**

3. Application for attorney's fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for **PLAINTIFF** and the file shall be **CLOSED.**

DATED July 22, 2009.

                        S/ CYNTHIA IMBROGNO
                    UNITED STATES MAGISTRATE JUDGE